UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

LARRY JONES,                        )
                                    )
         Petitioner,                )
v.                                  )   No. 1:07-cv-393-RLY-TAB
                                    )
STANLEY KNIGHT,                     )
                                    )
         Respondent.                )

### Entry Denying Petition for Writ of
### Habeas Corpus and Directing Entry of Judgment

This cause is before the court on the petition of Larry Jones ("Jones") for a writ of habeas corpus, on the respondent's return to order to show cause, on Jones' reply, and on the expanded record.

Whereupon the court, having read and considered such pleadings and record, and being duly advised, now finds that Jones' petition for a writ of habeas corpus must be **denied.** This conclusion rests on the following facts and circumstances:

1.      Jones is a state prisoner who was disciplined in a proceeding identified as No. ISR 06-07-0419. In that case, he was found guilty at a hearing conducted on August 15, 2006, of violating prison rules through his possession of drug paraphernalia. The basis of the charge and of the conduct board's finding was that during the early evening of July 28, 2006, Officer Wells approached Jones' cell at the Pendleton Correctional Facility, an Indiana prison, and during a search of the cell found the following items of drug paraphernalia: cell phone charger, 7in. nail sharpened to point, 2 pipes, 2 hot pots, 4 razors, tattoo gun, 2 altered fans, and a bag of oats & flour. In addition, a cell phone Jones had been seen using was located outside the dayroom of A-building. Jones was provided with a copy of the conduct report on August 4, 2006, and was also notified of his procedural rights in connection with the anticipated hearing. At that same time, he pled not guilty, requested a lay advocate, declined to request any physical evidence, but did request a statement from "offender Bryson."

2.      A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* When a prison disciplinary proceeding results in a

sanction which affects the expected duration of a prisoner's confinement, typically through the deprivation of earned good-time credits or the demotion in credit earning class, the state may not deprive inmates of good-time credits without following constitutionally adequate procedures to insure that the credits are not arbitrarily rescinded and habeas corpus is the proper remedy. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004).

    3.    "A prisoner challenging the process he was afforded in a prison disciplinary proceeding must meet two requirements: (1) he has a liberty or property interest that the state has interfered with; and (2) the procedures he was afforded upon that deprivation were constitutionally deficient." *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007).

    a.    In these circumstances, Jones was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision-maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell,* 418 U.S. 539 (1974); *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

    b.    Also, Indiana prisoners must pursue their available administrative remedies before filing a habeas petition. *Eads v. Hanks,* 280 F.3d 728, 729 (7th Cir. 2002); *Markham v. Clark,* 978 F.2d 993, 995 (7th Cir. 1992). The failure to do so, whether pertaining to the remedy as a whole or to the inclusion in an administrative appeal each claim which is later asserted in a federal habeas petition, constitutes a procedural default. Hurst could overcome procedural default through a showing of cause and prejudice or that a fundamental miscarriage of justice would result if the merits of his claim are not reached. *Aliwoli v. Gilmore,* 127 F.3d 632, 634 (7th Cir. 1997) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

    4.    Using the protections recognized in *Wolff* and *Hill* as an analytical template, Jones received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Jones was given the opportunity to appear before the conduct board and make a statement concerning the charge, (2) the conduct board issued a sufficient statement of its findings, and (3) the conduct board issued a written reason for its decision and for the sanctions which were imposed.

    5.    Jones' claims in this action are that his due process rights were violated because: 1) there was insufficient evidence to find him guilty; 2) there were insufficient written findings by the conduct board; and 3) he was denied evidence. His arguments in support of these claims, however, are either refuted by the expanded record or based on assertions which do not entitle him to relief.

    a.    Jones does not dispute that the nature of the items seized from the cell was drug paraphernalia. He disputes that he was in possession of these items, although the evidence is clear that the items were found in the cell he was occupying just before the search and to which he was assigned. The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir.1999). A conduct report alone may suffice as "some evidence." *Id. See also Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000) (even "meager" proof is sufficient). The evidence in this case was sufficient to satisfy the requirements of due process.

    b.    Jones also asserts that the conduct board provided an inadequate written statement of the evidence relied on and the reason for the sanction imposed. The written statement requirement is not onerous, but need only illuminate the evidentiary basis and reasoning behind the decision. *Scruggs v. Jordan,* 485 F.3d 934, 941 (7th Cir. 2007) (citing cases). The conduct board's statement of its reasons and findings in this case comply with the requirement of *Wolff* by informing Jones of what occurred and permitting meaningful administrative and judicial review. See *Culbert v. Young,* 834 F.2d 624, 630 (7th Cir. 1987) ("the kind of statements that will satisfy the constitutional minimum will vary from case to case depending on the severity of the charges and the complexity of the factual circumstances and proof offered by both sides").

    c.    Jones argues that he was denied evidence. However, the expanded record shows that both the statement of his requested witness (inmate Bryson) and all other evidence referred to in the conduct report was considered.

    6.    "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Jones to the relief he seeks. Accordingly, his petition must be **denied**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 9/7/07

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana